## OCTOBER TERM, 1794.

HANNAH MILLER and MARY MILLER, Infant co-heirs of Andrew Miller, deceased, by James Davis and Thomas Murray, their next friends, *v.* THE HEIRS of ARTHUR FOX.

### *In Chancery.*

This suit was brought by the complainants in the supreme court for the district of Kentucky, against Arthur Fox, and not having been tried before the state of Kentucky was erected, the papers were removed to this court.

Arthur Fox died during the pendency of the suit, and it was revived against his heirs.

Andrew Miller, on the 22d day of April, in the year 1780, obtained from the court of commissioners the following certificate, to-wit:

"Andrew Miller this day claimed a settlement and pre-emption to a tract of land in the district of Kentucky, on account of raising a crop of corn in the year 1775, lying on the waters of Dowling's run, emptying into Glenn's creek, to include an improvement known by the name of the Lynn spring, and running south for quantity. Satisfactory proof being made to the court, they are of opinion that the said Miller has a right to a settlement of 400 acres of land to include the above location, and the pre-emption of 1,000 acres adjoining, and that a certificate issue accordingly."

And on the 24th day of June, in the same year, entered his

certificate for settlement with the county surveyor, in the following words, to-wit:

"Andrew Miller enters 400 acres upon a certificate for settlement, lying on the waters of Dolan's run, emptying into Glenn's creek, including an improvement known by the name of the Lynn spring, running south for quantity."

And having obtained a pre-emption warrant, entered the same on the 21st day of October, in the same year, with the county surveyor, in the following words, to-wit:

"Andrew Miller enters a pre-emption warrant of 1,000 acres, on both sides of Glenn's creek, to include his two improvements, and a big spring."

And on the 30th day of the same month, in the same year, withdrew the said pre-emption entry, and re-entered the same in the following words, to-wit:

"Andrew Miller withdraws the entry upon his pre-emption warrant on Glenn's creek, and locates the same adjoining his settlement on Glenn's creek, on the upper side, to include the falling spring, and to take in both forks (to include the White oak spring.)" *Memo.*—The words "to include the white oak spring," are interlined in the surveyor's book.

And having departed this life, the said settlement and pre-emption was surveyed in the manner described on the connected plat, for the complainants, and patents issued to them.

Arthur Fox, on the 7th day of May, in the year 1784, made the following entry on treasury warrant with the surveyor, to-wit:

"Arthur Fox enters 1,480 acres of land, on part of a treasury warrant, No. 16,651, on the waters of Row's run and Glenn's creek: Beginning at a honey locust and buckeye, corner to John Craig and Robert Johnston; thence south 30 west, 290 poles, to Humphrey Marshall's line; thence with said line south 10 east, 100 poles, to two white ashes, and iron wood, in Edward Holeman's settlement and pre-emption line, and with the same north 65 east, 400 poles, to his corner, a buckeye and two white ashes; thence at angles with the same, south 25 east, 110 poles, to a pea tree and white ash in Holeman's line; leaving the same north 65 east, 280 poles, to two sugar trees and buckeye; thence north to John Briscoe's pre-emption corner, and with the same, the same course to Cyrus McCracken's line; thence with said line north 70 west, to Bartlett Searcy's corner thence; with Searcy's line south 20 west, 473 poles, to a hoopwood, buckeye and elm, corner to said Searcy;

thence at right angles with the same, north 70 west, 86 poles, to a sugar tree and white ash, in the line of the before mentioned Craig and Johnston, and with the same south 70 west, 245 poles, to the beginning."

And having surveyed the same in the manner described on the connected plat, obtained a patent for the said land of earlier date than those of the complainants.

The following connected plat, No. 24, was returned in this cause, of which the following is an explanation:

A B C D, the settlement of Miller's heirs according to surveys, B E F C, pre-emption do. do. A 1 2 3 4 5 6 7 8 9, Arthur Fox's survey on entry of 1,480 acres. L, the Lynn spring. F, the falling spring. W, White oak spring. M, McCracken's improvement. 10 to 11, Glenn's creek. 12 to 13, Trough spring branch. 14 to 15, Dolan's run.

The complainants filed their bill, praying for a decree for a conveyance against John Craig, Sr., and John Craig, Jr., Richard Fox and Jesse Ellis, and the defendant Arthur Fox. But Arthur Fox, by his answer, stated that the legal title to the whole of the land was in him.

By THE COURT.—On consideration of this case, the following questions arise:

*First.* Have the complainants surveyed their claim agreeably to their location with the commissioners, and the entry with the surveyor?

*Second.* If they have not, how ought they to have surveyed?

As to the first question, the court is of opinion, that the complainants have not surveyed their claims agreeably to their location with the commissioners, or their entry with the surveyor.

As to the second, the complainants' location with the commissioners, and entry with the surveyor, calling to include the improvement known by the name of the Lynn spring, and to run south for quantity, the court is of opinion, that by the most rational construction of the location, the complainants ought to have just included the Lynn spring, and their improvement thereat, in the center of the north boundary line, and extend south for quantity, so as to make their settlement survey a square, and the preemption on the upper or east side of the settlement, and extend east for quantity.

Whereupon, it is decreed and ordered, that the complainants do recover of the defendants all the land that will be included in the complainants' settlement survey, when run agreeable to the foregoing opinion. With costs, etc.